# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JEREMIAH LUMPKIN** ) | Case No: |
| 3250 East 121st Street ) | |
| Cleveland, OH 44120 ) | |
| ) | |
| -and- ) | |
| ) | |
| **MOZEAL LUMPKIN** ) | JUDGE: |
| 3250 East 121st Street ) | |
| Cleveland, OH 44120 ) | |
| ) | **COMPLAINT FOR FAIR DEBT** |
| Plaintiffs, ) | **COLLECTIONS PRACTICES ACT** |
| ) | **OHIO CONSUMER SALES** |
| vs. ) | **PRACTICES ACT VIOLATIONS,** |
| ) | **R.C. 1345, CIVIL CONSPIRACY,** |
| **FELTY & LEMBRIGHT** ) | **AND COMMON LAW FRAUD** |
| 1500 West Third Street, Suite 400 ) | |
| Cleveland, OH 44113 ) | |
| ) | |
| **-and-** ) | |
| ) | |
| **U.S. BANK NATIONAL ASSOCIATION** ) | |
| **AS TRUSTEE under Securitization** ) | |
| **Servicing Agreement Dated As Of August** ) | |
| **1, 2005 Structured Asset Securities** ) | |
| **Corporation, Structured Asset Investment** ) | |
| **Loan Trust Mortgage Pass-Through** ) | |
| **Certificates, Series 2005-HE3** ) | |
| 1661 Worthington Road ) | **JURY DEMAND ENDORSED HEREON** |
| West Palm Beach, FL 33416 ) | |
| ) | |
| **-and-** ) | |
| ) | |
| **OCWEN LOAN SERVICING, LLC** ) | |
| 1661 Worthington Road ) | |
| West Palm Beach, FL 33416 ) | |
| ) | |
| Defendants**.** ) | |

NOW COMES Plaintiffs Jeremiah and Mozeal Lumpkin, by and through counsel, and for

their complaint against the Defendants Felty & Lembright, U.S. Bank National Association and

Ocwen Loan Servicing, LLC hereby state as follows:

1. Plaintiffs Jeremiah and Mozeal Lumpkin own real property in Cuyahoga County, Ohio that was the subject of a foreclosure action.

2. Defendant U.S. Bank National Association ("U.S. BANK") filed a complaint for foreclosure against the Plaintiffs in the Cuyahoga County Court of Common Pleas, Case No. CV12773518.

3. Defendant F&L & Lembright ("F&L") is a law firm engaged in the practice of debt collection and was hired to file a foreclosure complaint against the Plaintiffs.

4. Defendant Ocwen Loan Servicing, LLC ("Ocwen") has a business office at 1661 Worthington Road, West Palm Beach, FL 33416 which is the address of the party that filed a foreclosure complaint against Jeremiah and Mozeal Lumpkin.

5. Jurisdiction and venue is appropriate in the United States District Court for the Northern District of Ohio pursuant to federal question jurisdiction because the Plaintiffs' allege claims under the Fair Debt Collection Practices Act.

## FACTS

6. Defendant F&L knew that its client U.S. BANK did not own the Plaintiffs' note and mortgage when it filed a foreclosure complaint against Jeremiah and Mozeal Lumpkin in Cuyahoga County.

7. Defendant U.S. BANK did not have possession of an indorsed note when the complaint was filed.

8. Defendants F&L, U.S. BANK, and Ocwen knew that there was no evidence that U.S. BANK held Jeremiah and Mozeal Lumpkin's note and mortgage, but the Defendants conspired to file a false foreclosure complaint anyway.

9. The complaint filed against the Lumpkins had an assignment of mortgage attached that was recorded on June 9, 2011. *See Plaintiff's Exhibit A*.

10. The Lumpkin's mortgage was originally granted to Argent Mortgage Company, LLC.

11. The assignment of mortgage was purportedly notarized on March 7, 2005 and was granted to U.S. Bank National Association as trustee under securitization servicing agreement Dated as of August 1, 2005 Structured Asset Securities Corporation Structured Asset Investment Loan Trust Mortgage Pass-Through Certificates Series 2005-HE3.

12. The alleged date of notarization is March 7, 2005 - prior to the existence and creation of the servicing agreement of the trust.

13. Based on the information that Defendants U.S. BANK, Ocwen, and F&L had about the Lumpkin's mortgage there was no evidence that U.S. BANK was a valid holder of the mortgage deed as the Defendants alleged in paragraph 2 of the complaint.

14. On April 25, 2012 Jeremiah and Mozeal Lumpkin, through counsel, filed a motion to dismiss the foreclosure complaint.

15. On May 17, 2012 Defendants F&L and U.S. BANK filed an Opposition to the motion to dismiss.

16. The Cuyahoga County Court of Common Pleas granted Jeremiah and Mozeal Lumpkin's motion to dismiss on November 7, 2012 with the following journal entry:

    DEFENDANT(S) JEREMIAH J LUMPKIN AND MOZEAL M LUMPKINS' 12(B)(1) MOTION TO DISMISS IS GRANTED. PURSUANT TO FED. HOME LOAN MTGE. CORP. V. SCHWARTZWALD, ET AL. SLIP OPINION NO. 2012-OHIO-5017 STANDING IS REQUIRED TO INVOKE THE JURISDICTION OF THE COMMON PLEAS COURT AND IS DETERMINED AS OF THE FILING OF THE CASE. ALTHOUGH PLAINTIFF ATTACHED AN ASSIGNMENT OF THE PROMISSORY NOTE AND MORTGAGE AS AN EXHIBIT TO THE COMPLAINT, THE ASSIGNMENT IS INVALID ON ITS FACE. THE ASSIGNMENT WAS EXECUTED IN THE

PRESENCE OF A NOTARY PUBLIC ON MARCH 7, 2005. HOWEVER, PLAINTIFF DID NOT EXIST AS A LEGAL ENTITY UNTIL FIVE MONTHS LATER ON AUGUST 1, 2005. PLAINTIFF IS A TRUSTEE UNDER A SECURITIZATION SERVICING AGREEMENT DATED AUGUST 1, 2005. AS PLAINTIFF CANNOT DEMONSTRATE THAT IT HELD THE NOTE AND MORTGAGE AT THE TIME THE CASE WAS FILED, PLAINTIFF FAILED TO ESTABLISH AN INTEREST IN THE NOTE AND MORTGAGE AT THE TIME IT FILED SUIT. THUS, PLAINTIFF IS NOT THE REAL PARTY IN INTEREST AND HAS NO STANDING TO INVOKE THE JURISDICTION OF THIS COURT. THE CASE IS DISMISSED WITHOUT PREJUDICE. FINAL. COURT COST ASSESSED TO THE PLAINTIFF(S). NOTICE ISSUED

17. On January 13, 2012 prior to the motion to dismiss being granted, Defendant Ocwen Loan Servicing, LLC committed an act in furtherance of its conspiracy with Defendants F&L and U.S. BANK to violate the Fair Debt Collections Practices Act, the Ohio Consumer Sales Practices Act, and to commit fraud by filing a foreclosure complaint with a false assignment of the Lumpkins' mortgage.

## COUNT ONE

## FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS

18. Plaintiffs incorporate by reference all previous paragraphs as if fully written herein.

19. Plaintiffs are consumers as the term is defined in *15 USC §1692(a)(1)*.

20. Mortgage loans are debts as defined in *15 USC §1692(a)(5)*.

21. Defendants F&L, U.S. BANK , and Ocwen  are debt collectors as the term is defined in *15 USC §1692(a)(6)*.

22. Defendants F&L, U.S. BANK , and Ocwen  used false, deceptive and/or misleading statements and as evidence in prosecuting the Lumpkin foreclosure action in violation of *15 USC §1692(e)*.

23. Defendants F&L, U.S. BANK  and Ocwen 's foregoing conduct constitutes an unfair

and/or unconscionable act in the collection of a debt in violation of *15 USC §1692(f)*.

24. The assignment of mortgage was invalid so Defendants F&L, Ocwen, and U.S. BANK were not collecting its own debt and all three are subject to liability for violations of the Fair Debt Collection Practices Act.

## COUNT TWO

## OHIO CONSUMER SALES PRACTICES ACT VIOLATIONS

25. Plaintiffs incorporate by reference all previous paragraphs as if fully written herein.

26. Plaintiffs are consumers as defined by R.C. 1345.01.

27. Defendants F&L and U.S. Bank are suppliers as defined by R.C. 1345.01.

28. Defendant Ocwen, the servicer of the mortgage, is a supplier as defined by R.C. 1345.01.

29. Plaintiffs Jeremiah and Mozeal Lumpkin's mortgage was a consumer transaction because it was primarily for personal, family or household use.

30. Defendants violated R.C. 1345.02 and committed an unfair or deceptive act or practice in connection with a consumer transaction.

31. An unfair or deceptive act or practice by a supplier is a violation of R.C. 1345.02 violates whether it occurs before, during, or after the consumer transaction.

32. Defendants made false or misleading representations to the Plaintiffs which were unfair and deceptive practices in violation of R.C. 1345.02(B)(10) because Defendants represented to the Plaintiffs that a legal obligation existed to U.S. BANK when that was false.

33. Plaintiffs Jeremiah and Mozeal Lumpkin are entitled to bring a private cause of action pursuant to Ohio Revised Code §1345.09(D).

34. Plaintiffs suffered injury proximately caused by the Defendants' misconduct.

35. Plaintiffs have suffered damages under the Ohio Consumer Sales Practices Act and each Plaintiff is entitled to a maximum of five thousand dollars in noneconomic damages, and their actual damages multiplied by three, and attorney fees.

## COUNT THREE

## CIVIL CONSPIRACY TO COMMIT FRAUD

36. Plaintiffs incorporate by reference all previous paragraphs as if fully written herein.

37. In a malicious combination, Defendants F&L, U.S. BANK , and Ocwen entered into a conspiracy whereby they agreed to have F&L file a foreclosure complaint containing a false assignment of the Lumpkins' mortgagec.

38. Defendants acted in furtherance of their conspiracy by supplying information about the Lumpkins' property to each other in order to prepare the false assignment of mortgage, inodrsement, and foreclosure complaint.

39. Defendants acted in furtherance of their conspiracy by recording the assignment of mortgage in the Cuyahoga County Recorder's office, with the intent to used this false document in order to prosecute a foreclosure action on behalf of U.S. BANK , an entity that all three Defendants knew lacked standing to foreclose.

40. The violations of the Fair Debt Collection Practices Act and Ohio Consumer Sales Practices Act committed by the Defendants against the Plaintiffs were unlawful acts independent of the conspiracy itself.

41. Plaintiffs suffered damages as a direct and proximate result of the Defendants' conspiracy alleged herein, including, but not limited to, attorneys' fees and costs incurred in their defense of the underlying foreclosure action brought by the Defendants and to litigate this claim.

## COUNT FOUR

## COMMON LAW FRAUD

42. Plaintiffs incorporate by reference all preceding paragraphs as if fully written herein.

43. Defendants U.S. BANK and F&L knowingly filed a foreclosure complaint, motions and other documentss in the Cuyahoga County Court of Common Pleas and falsely stated that U.S. BANK was the "holder" of the Lumpkin note when neither U.S. BANK nor F&L had a copy of such note and knew they could not verify the accuracy of that allegation when the complaint was filed.

44. At all relevant times, the identity of the holder of Plaintiffs' note and mortgage was material to the transactions at hand.

45. Defendants Ocwen , U.S. BANK , and F&L agreed to the use of a false assignment of the Lumpkins' mortgage as an exhibit in the attempt to foreclose.

46. The Defendants' representations were made falsely or with such utter disregard and recklessness for whether it was true or false that knowledge should be inferred.

47. Defendants' misrepresentations in the foreclosure complaint, motion in opposition, other documents, and assignment of mortgage concealed from the Plaintiffs the truth that the foreclosure filed against the Lumpkins, as detailed herein, was brought on behalf of a party who lacked standing to foreclose.

48. Plaintiffs justifiably relied upon Defendants' misrepresentations.

49. Plaintiffs were harmed as a direct and proximate result of the misrepresentations made by the Defendants.

50. Defendants willfully behaved in bad faith by representing that standing to foreclose existed against the Plaintiffs when they knew that they did not hold Plaintiffs' note and

mortgage and did not have standing to foreclose.

51. Defendants willfully intended to defraud the Plaintiffs and their conduct has been so egregious that punitive damages should be awarded.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Jeremiah and Mozeal Lumpkin request:

A. $10,000 in noneconomic damages under R.C. 1345

B. Actual damages multiplied by three

C. Punitive damages

D. Attorney fees for bringing this action

E. Any other relief this Court deems just and equitable.

Respectfully submitted,

**DOBERDRUK & HARSHMAN**

/s/ Grace M. Doberdruk
Grace M. Doberdruk (0085547)
4600 Prospect Avenue
Cleveland, Ohio 44103
216-373-0539 Telephone
216-373-0536 Fax
grace@dannlaw.com
Attorney for Plaintiffs Jeremiah & Mozeal Lumpkin

Jury Demand

Plaintiffs hereby request a trial by jury on all issues, with the maximum number of jurors permitted by law.

/s/ Grace M. Doberdruk
GRACE M. DOBERDRUK (0085547)